# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| DE'LACEY DOBBINS, | ) |
| | )    **JURY DEMAND** |
| Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO: |
| | ) |
| SB INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1. Plaintiff, De'Lacey Dobbins ("Dobbins"), brings this Complaint against Defendant, SB International, Inc., ("Defendant"), for its discriminatory actions toward her based on her race, African-American, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and for retaliating against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

### II. Parties

2. Dobbins is an African-American female who has resided within the State of Tennessee at all relevant times hereto.

3. Defendant is a for-profit corporation who is located within and conducted business within the geographic boundaries of the Middle District of Tennessee at all times relevant to this action.

### III. Jurisdiction and Venue

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Dobbins, at all times relevant, has been an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Dobbins satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charges Nos. 494-2011-01197 and 494-2012-00138. Dobbins received her Notices of Suit Rights and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Middle District of Tennessee, thus venue in this court is proper.

### IV. Factual Allegations

9. Dobbins, an African-American, was hired by the Defendant on or about September 26, 2006, as an Order Puller.

10. At all times relevant, Dobbins met Defendant's legitimate performance expectations.

11. In or about May 2010, Dobbins and five (5) other employees went to Defendant's Human Resources department and complained that they were being discriminated against. Specifically, Dobbins and the other employees complained that they were being harassed and treated less favourably than Hispanic co-workers.

12. In or about September 2010, Defendant began retaliating against Dobbins by changing work rules and requiring her to sign documentation regarding alleged work mistakes.

13. In or about December 2010, Defendant held a meeting that set work numbers/requirements and the employees were told they were working with a "clean slate" – meaning that past discipline and mistakes would not be counted against them.

14. However, on or about April 6, 2011, Dobbins was suspended for two (2) days based, in part, on her written disciplinary actions prior to December 2010.

15. Dobbins recognized that the new disciplinary procedures were not being implemented fairly with regard to Hispanic employees – who were being treated more favourably.

16. On April 7, 2011, Dobbins engaged in a protected activity and filed a Charge of Discrimination with the EEOC alleging discrimination based on her race and retaliation.

17. In or about the end of May 2011 or early June 2011, a person retained by the Defendant met with, interviewed and took statements from Dobbins and other employees regarding Dobbins's claim of discrimination. At least one other African-American employee, Nicole McKissack ("McKissack"), gave a statement in support of Dobbins' claim of discrimination. Dobbins and the other employees believed the person retained by the Defendant was, in fact, employed with the EEOC.

18. Dobbins was retaliated against and terminated from her employment on or about September 23, 2011 for alleged "unsatisfactory work." Similarly-situated

employees who are not African-American and/or who have not engaged in a protected activity have not been terminated for similar infractions.

19. McKissack has also been terminated from her employment.

## V. Causes of Action

### Count I. Section 1981 Race Discrimination Claim

20. Dobbins hereby incorporates by reference paragraphs one (1) through nineteen (19).

21. Dobbins was suspended and subsequently terminated from her employment on the basis of her race, African-American and denied the same terms and conditions of employment as those afforded to similarly-situated non-African-American employees.

22. Defendant's actions were in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

23. Defendant's actions were willful, intentional, and done with reckless disregard of Dobbins' civil rights.

24. Dobbins has suffered injury as a result of Defendant's unlawful actions.

### Count II. Title VII Race Discrimination Claim

25. Dobbins hereby incorporates by reference paragraphs one (1) through twenty-four (24).

26. Dobbins was suspended and subsequently terminated from her employment on the basis of her race, African-American and denied the same terms and conditions of employment as those afforded to similarly-situated non-African-American employees.

4

27. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

28. Defendant's actions were willful, intentional, and done with reckless disregard for Dobbins' civil rights.

29. Dobbins has suffered injury as a result of Defendant's unlawful actions.

### Count III. Title VII - Retaliation

30. Dobbins hereby incorporates by reference paragraphs one (1) through twenty-nine (29).

31. Dobbins engaged in a protected activity by complaining of race discrimination and filing a Charge of Discrimination with EEOC. Dobbins was harassed, suspended and terminated in retaliation for her complaints and filing of an EEOC Charge.

32. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

33. Defendant's actions were willful, intentional, and done with reckless disregard for Dobbins' civil rights.

34. Dobbins has suffered injury as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, De'Lacey Dobbins, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race;

2. Reinstate the Plaintiff to her former position or award front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

8. Grant such other relief as may be just and proper.

Respectfully submitted,

_____
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, De'Lacey Dobbins, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*/s/ Kyle F. Biesecker*

Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

Attorneys for Plaintiff